UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
ALPHONSE HOTEL CORPORATION,            :        13 Civ. 7859 (DLC)
                                       :
                 Plaintiff,            :
                                       :
       -v-                             :        MEMORANDUM OPINION
                                       :            & ORDER
NAM T. TRAN,                           :
                                       :
                 Defendant.            :
                                       :
-------------------------------------- X

DENISE COTE, District Judge:

     Defendant Tran has moved the Court to reconsider its Order
of January 24, 2014 denying Tran's December 10, 2013 motion to
dismiss, transfer, or stay this action in favor of a later-filed
suit pending in the Eastern District of Pennsylvania concerning
the same dispute, Tran v. Alphonse Hotel Corp., 13 Civ. 6515
(E.D. Pa.) (WY) (the "Pennsylvania action").  In the
alternative, Tran requests certification for interlocutory
appeal of the Order pursuant to 28 U.S.C. § 1292(b).  For the
reasons set forth below, Tran's motion is denied.

## BACKGROUND

     On October 10, 2013, plaintiff Alphonse Hotel Corporation
("Alphonse"), a New York corporation with principal place of
business in New York, brought this declaratory judgment action
in the Supreme Court of the State of New York.  Alphonse seeks a
judgment that a commercial lease of real property in

Philadelphia (the "Chocolate Factory") purportedly entered into between Alphonse and defendant Tran (the "Lease") is invalid and unenforceable, as well as money damages for defendant's use and occupancy of the Chocolate Factory since October 18, 2010.

On October 22, 2013, defendant Tran, a resident of Pennsylvania who works in New York during the week, filed a declaratory judgment action concerning the same dispute in the Court of Common Pleas of Philadelphia County.  Among other remedies, Tran seeks a judgment that he and Alphonse entered into a valid and enforceable joint venture agreement for the redevelopment of the Chocolate Factory (the "Joint Venture Agreement") and that the Lease is valid.

On November 4, 2013, Tran removed this action to federal court.  On November 6, Alphonse removed the Pennsylvania action.

On December 10, 2013, defendant moved to dismiss, transfer, or stay this action in favor of the later-filed Pennsylvania action.  The parties submitted briefing, and the Court heard argument on the motion at a pretrial conference held pursuant to Rule 16, Fed. R. Civ. P., on January 24, 2014.  For the reasons stated on the record at that conference, the Court denied defendant's motion by Order of January 24 and stayed the Pennsylvania action.

At that conference, the Court explained that it was applying the "first-filed" rule, which provides that, "[w]here

2

there are two competing lawsuits, the first suit should have priority." New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 112 (2d Cir. 2010) (citation omitted).  The Court recognized that the rule admits to two exceptions: (1) when "special circumstances" exist, and (2) when "the balance of convenience favors the second-filed action." Id. (citation omitted); accord Emp'rs Ins. of Wausau v. Fox Entm't Grp., Inc., 522 F.3d 271, 275 (2d Cir. 2008).  The Court found no "special circumstances," noting that the first-filing plaintiff had not "engage[d] in some manipulative or deceptive behavior" and that the first-filed suit was not "filed in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action." Wausau, 522 F.3d at 276 (citation omitted).

To determine whether the balance of convenience favored the later-filed action, the Court looked to the factors considered in connection with a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), which include the following:

> Factors relating to the parties' private interests include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive.

> Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at

3

home; and the interest in having the trial of a
diversity case in a forum that is at home with the
law.

Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W.D.
Tex., 134 S. Ct. 568, 581 n.6 (citation omitted).  The Court
also noted that, in connection with the related doctrine of
forum non conveniens, the plaintiff's choice of forum will be
given greater deference when there is a bona fide connection to
the forum chosen.  See Iragorri v. United Techs. Corp., 274 F.3d
65, 71-72 (2d Cir. 2001) (en banc).

Applying these factors, the Court found that the balance of
convenience does not favor the Pennsylvania action and the
plaintiff's choice of forum is entitled to significant
deference.  With respect to the private-interest factors, the
Court noted that sources of proof would include people who live
and work in New York -- including the defendant -- and that
there had been no showing that that was outweighed, with respect
to the Joint Venture Agreement, by more relevant witnesses
beyond the subpoena power of this Court.[1]  The Court also noted

_____

[1] The transcript of the January 24 conference is less than clear
on this point.  See Tr. at 11:10-15 ("Those sources of proof
would include people who live and work in New York and presume
showing that that is outweighed by more relevant witnesses being
located in Pennsylvania or their inability to travel to New York
or their being beyond the jurisdiction of this Court in terms of
subpoena power.")  While the transcript reads "and presume
showing that that is outweighed . . ." -- a clause missing a
subject -- "presume" appears to have been mistakenly substituted
for the phrase "there has been no."  The transcript should read:

that trains between Philadelphia and New York mitigate the difficulty of travel.  With respect to the public interest, the Court held that, while this dispute does concern Pennsylvania real estate and management of the Chocolate Factory may implicate Pennsylvania real property law, the Court expects that the dispute concerning the validity of the Joint Venture Agreement and the Lease will be governed by New York law. Finally, the Court found plaintiff's choice of forum is entitled to significant deference, as plaintiff is a New York corporation seeking to adjudicate the validity of a New York agreement in New York.  Accordingly, on January 24, 2014 the Court denied defendant's motion and ordered the Pennsylvania action stayed pending the resolution of this suit.

On February 3, Tran moved for reconsideration of the Court's January 24 Order or, in the alternative, for certification for interlocutory appeal of the Order pursuant to Section 1292(b).  For the reasons that follow, Tran's motion is denied.

## DISCUSSION

## I. MOTION FOR RECONSIDERATION

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  Shrader v. CSX Transp., Inc.,

"and there has been no showing that that is outweighed . . . ."

70 F.3d 255, 257 (2d Cir. 1995).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted).

Defendant Tran has failed to point to any controlling decisions or facts the Court has overlooked.  Instead, Tran reiterates the arguments made in his two memoranda of law in support of his December 10 motion and cites a number of district court decisions that broadly concern various factors in determining the balance of convenience, each of which was considered by the Court on January 24.  Consequently, Tran's motion for reconsideration is denied.

## II. SECTION 1292(b) CERTIFICATION FOR INTERLOCUTORY APPEAL

The standard for certification is well established.  Section 1292(b) provides, in relevant part, that

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

28 U.S.C. § 1292(b); see Casey v. Long Island R.R. Co., 406 F.3d 142, 146 (2d Cir. 2005) (noting that Section 1292(b) "imposes both procedural and substantive requirements on a would-be appellant").

The Court of Appeals has emphasized that Section 1292(b) certification should be "strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Flor v. BOT Fin. Corp., 79 F.3d 281, 284 (2d Cir. 1996) (per curiam) (citation omitted). Certification is thus appropriate only in the narrow class of cases in which "an intermediate appeal may avoid protracted litigation." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 866 (2d Cir. 1996). In particular, the Court of Appeals has held that "§ 1292(b) is not available as a means to review the grant or denial of [motions to transfer] for incorrect evaluation of proper factors." A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 443 (2d Cir. 1966).

**1. Controlling Question of Law**

The Second Circuit has recognized that "resolution of an issue need not necessarily terminate an action in order to be 'controlling,'" for the purposes of Section 1292(b). Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990).

Rather, it is enough to satisfy the statute's first prong that the issue is one "that may importantly affect the conduct of [the] action."  In re The Duplan Corp., 591 F.2d 139, 148 n.11 (2d Cir. 1978); accord In re WorldCom, Inc. Sec. Litig., 02 Civ. 3288 (DLC), 2003 WL 22953644, at *4 (S.D.N.Y. Dec. 16, 2003).

Tran argues that the Court erred in failing to consider "factors implicated in the Local Action doctrine" -- "specifically, that this is essentially a local controversy involving . . . real property located in Philadelphia" -- in its analysis of the balance of convenience, and that the applicability of this "factor" is a pure question of law.  Tran argues that this "effects the balancing of several different public and private interest factors: the locus of operative facts, the court's familiarity with governing law, and the local interest in the controversy."  But, as described above, the Court understood that this dispute implicates real property located in Philadelphia when considering each of these factors on the record at the January 24 conference.  Rather, Tran contests the Court's balancing of these factors, which is not a controlling question of law within the meaning of Section 1292(b).

### 2. Material Advancement

Nor does Tran proffer any reason to believe that certification would "materially advance the ultimate termination

of the litigation." Tran cites to a decision in the Northern
District of Iowa certifying for interlocutory appeal its
decision on a motion to transfer the litigation pursuant to
Section 1404(a), Terra Int'l, Inc. v. Miss. Chem. Corp., 922 F.
Supp. 1334 (N.D. Iowa 1996), which held that appellate guidance
would materially advance that case. But there the court was
faced with a novel legal issue concerning the applicability of a
forum selection clause to tort claims. See id., aff'd, 119 F.3d
688, 693-95 (8th Cir. 1997). No such issue is present here, and
Tran puts forward no other argument in favor of material
advancement.

### 3. Substantial Grounds for a Difference of Opinion

Finally, Tran argues that substantial grounds for a
difference of opinion exist because the applicability of the
factors relevant to the Local Action doctrine is, he claims, a
matter of first impression. As explained above, the relevance
of the fact that this action implicates real property in
Pennsylvania is not a matter of first impression. Nor is its
impact on the factors Tran has identified: "the locus of
operative facts, the court's familiarity with governing law, and
the local interest in the controversy." The Court considered
this fact when balancing the relevant factors. Because Tran
cannot satisfy any of the three requirements for certification
pursuant to Section 1292(b), let alone all of them, his motion

for certification is denied.

**CONCLUSION**

Defendant Tran's February 3 motion for reconsideration or, in the alternative, certification for interlocutory appeal is denied.

SO ORDERED.

Dated:      New York, New York
            February 10, 2014

_____
                    DENISE COTE
            United States District Judge